# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

| | |
|---|---|
| **DONALD LYNN TAYLOR,** | ) |
| | ) |
|     **Petitioner,** | ) |
| | ) |
| v. | )     **CIVIL ACTION NO. 5:09-0190** |
| | ) |
| **DAVID BERKEBILE,** | ) |
| **Warden, FCI Beckley,** | ) |
| | ) |
|     **Respondent.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be construed as a successive Motion under Section 2255 and denied (1) because Petitioner has not obtained the authorization of the Seventh Circuit Court of Appeals to file a successive Section 2255 Motion; (2) jurisdiction is in the Court where Petitioner was sentenced, the Southern District of Illinois; and (3) in any event, Petitioner is not entitled to relief under Section 2241.

## FACT AND PROCEDURE

On August 23, 1994, Petitioner was convicted by a jury in the United States District Court

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

for the Southern District of Illinois of one count of Conspiracy to Distribute and Possess with the Intent to Distribute Crack Cocaine in violation of 21 U.S.C. § 841(a) and 846, and four counts of Possession with Intent to Distribute Crack Cocaine in violation of 21 U.S.C. § 841. <u>United States v. Taylor</u>, Criminal Action No. 4:94-40008 (S.D.Ill. Jan. 26, 1995). Prior to Petitioner's conviction, the United States filed notice in accordance with 21 U.S.C. § 851(a) of its intention to seek a Section 841(b) enhancement on the conspiracy count.[2] (<u>Id.</u>, Document No. 12.) On January 26, 1995, the District Court sentenced Petitioner to a 240-month term of imprisonment on each of the five counts, to run concurrently. (<u>Id.</u>, Document No. 67.) Petitioner appealed his sentence to the Seventh Circuit Court of Appeals.[3] On March 11, 1996, the Seventh Circuit affirmed Petitioner's sentence. <u>United States v. Taylor</u>, 79 F.3d 1150 (7th Cir. 1996)(*unpublished*).

On April 28, 1997, Petitioner filed in the Southern District of Illinois a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. <u>Taylor v. United States</u>, Civil Action No. 4:97-04138 (S.D.Ill. April 18, 2000). Petitioner asserted the following grounds of error: (1) Ineffective assistance of counsel; (2) Prosecutorial misconduct; and (3) Lack of Federal Jurisdiction. (<u>Id.</u>) On April 18, 2000, the District Court denied Petitioner's Section 2255 Motion. (<u>Id.</u>, Document Nos. 113 and 114.) Petitioner appealed the District Court's decision to the Seventh Circuit. (<u>Id.</u>, Document 121.) The Seventh Circuit denied Petitioner's

---

[2] Title 21 U.S.C. § 841(b) provides that if one commits a subsection (a) offense involving more than 50 grams of a substance containing cocaine base "after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment."

[3] Petitioner presented the following arguments on appeal: (1) the district court erred in its calculation of the amount of drugs attributable to Petitioner; and (2) the district court improperly failed to consider departing downward from the range provided by sentencing guidelines.

2

certificate of appealability and dismissed his appeal on February 15, 2001.(Id., Document No. 137.)

On March 4, 2009, Petitioner filed the instant Application alleging ineffective assistance of counsel and claiming that his sentence was improperly enhanced in violation of his Fifth and Sixth Amendment rights.(Civil Action No. 5:09-0190, Document No. 1.) In support of his ineffective assistance of counsel claim, Petitioner argues that "counsel for the United States conceded in its answering brief that applicant received ineffective assistance of counsel because [counsel] failed to familiarize herself with the docket that had entries in it when she appeared as counsel regarding the filing of [Section] 851 information with the clerk." (Id., p. 7.) Petitioner contends that his Fifth and Sixth Amendment rights were violated because "he should have been sentenced as a first offender by the district court to a 120 month mandatory and concurrent term of imprisonment under Section 841(b)(1)(A)." (Id.) Therefore, Petitioner asserts that "when calculating Petitioner's good time credits earned (GTE) on such 120 month term of imprisonment, he should have been released from federal imprisonment in January 2001." (Id.)

## **ANALYSIS**

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of

Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Thus, allegations that a federal conviction or sentence is invalid are appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence, e.g., time credit calculations, are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

  The undersigned finds that Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and sentence imposed by the Southern District of Illinois. Petitioner alleges that he was denied effective assistance of counsel and his sentence was improperly enhanced pursuant to Section 841(b). (Document No. 1.) Specifically, Petitioner states that "he should have been sentenced as a first offender by the district court to a 120 month mandatory and concurrent term of imprisonment under Section 841(b)(1)(A)." (Id., p. 7.) Petitioner contends that "when calculating Petitioner's good time

4

credits earned (GTE) on such 120 month term of imprisonment, he should have been released from federal imprisonment in January 2001." (Id.) Petitioner is basically challenging the validity of his sentence, not the manner in which it is being executed. Therefore, in view of the nature of Petitioner's claims, the Application in this case must be considered as a Motion to Vacate, Set Aside or Correct his sentence under Section 2255. Furthermore, Petitioner has not demonstrated and cannot demonstrate that Section 2255 is inadequate or ineffective such that he can resort to Section 2241. Petitioner does not allege an intervening change in law that establishes his actual innocence. Rather, Petitioner argues that Section 2255 is inadequate and ineffective because the Illinois District Court "rejected Applicant's amended issue under FRCP 15(c)(2) on procedural grounds by effecting a judgment in conflict with a previous one regarding the appointment of counsel." (Document No. 1, p. 7.) The undersigned notes that Petitioner filed five Motions to Amend his Section 2255 Motion and seven Motions to Supplement his Section 2255 claims. (Civil Action No. 4:97-04138, Document Nos. 3, 9, 43, 57, 68, 70, 72, 78, 79, 82, 83, and 97.) The Illinois District Court granted Petitioner's first two Motions to Amend and denied all subsequent Motions. (Id., Document No. 15, 59, and 104.) Petitioner has not set forth any legal or factual basis to support his claim that Section 2255 was ineffective or inadequate based upon the District Court's denial of Petitioner's Motions to Amend.[4] Petitioner acknowledges that his claim of ineffective assistance of counsel was raised and addressed in his Section 2255 Motion. (Document No. 1, p. 3.) As stated above, Section 2255 is not rendered

---

[4] Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the *habeas* rules, may be applied to Section 2255 proceedings. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Petitioner may amend his Application "once as a matter of course: (A) before being served with a responsive pleading . . .." Fed. R. Civ. P. 15(a)(1)(A). Once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

inadequate or ineffective merely because an individual is unable to obtain relief under that provision.

inadequate or ineffective merely because an individual is unable to obtain relief under that provision.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) It is also clear that a second or successive proceeding under Section 2255 may not be initiated without the certification/authorization of the appropriate Court of Appeals. This District Court therefore lacks jurisdiction to consider Petitioner's Section 2255 Motion because Petitioner was not sentenced in this District. Rather, jurisdiction is properly in the Southern District of Illinois where Petitioner was sentenced. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's Application in this case should be dismissed because Petitioner has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Seventh Circuit Court of Appeals.[5]

---

[5] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

---

by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Petitioner does not contend that his Motion falls under either the category of newly discovered evidence or new rule of constitutional law. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999); *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner has failed to allege or demonstrate that he has obtained the necessary authorization from the Seventh Circuit Court of Appeals for his successive motion.

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner who is acting *pro se*.

Date: November 5, 2009.

R. Clarke VanDervort
United States Magistrate Judge