IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DONALD LYNN TAYLOR,

        Petitioner,

v.                                                       CIVIL ACTION NO. 5:09-cv-00190

D. BERKEBILE,

        Respondent.

**MEMORANDUM OPINION AND ORDER
ADOPTING PROPOSED FINDINGS AND RECOMMENDATION**

The Court has reviewed Petitioner's March 4, 2009, *Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody* [Docket 1]. Petitioner alleges ineffective assistance of counsel in his convictions under 21 U.S.C. §§ 846 and 841(a)(1), and also argues that his sentence was improperly enhanced, in violation of the Fifth and Sixth Amendments. In particular, Petitioner argues that his prior motion under 18 U.S.C. § 2255 was not fully addressed on the merits, as his sentencing judge precluded further amendments, including the ineffective assistance of counsel allegation at bar, to his claim. Also pending is Petitioner's Motion to Revisit Request for the Appointment of Counsel [Docket 17].

*I. BACKGROUND*

By *Standing Order* [Docket 3] entered in this case on March 4, 2009, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On November 5, 2009, the Magistrate Judge submitted *Proposed Findings and Recommendation* [Docket 11] wherein it is recommended that this Court dismiss the Petitioner's *Application Under*

*28 U.S.C. § 2241* and remove this matter from the Court's docket. The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Petitioner timely filed objections to the Magistrate Judge's *Proposed Findings and Recommendation*.

In his PF&R, Magistrate Judge VanDervort found that the issues raised by Petitioner should have been brought pursuant to 18 U.S.C. § 2255, for which jurisdiction is properly in the district where Petitioner was sentenced. Magistrate Judge VanDervort found that Petitioner's Application should be dismissed, as he has already proceeded under Section 2255 in his sentencing court, and has not obtained certification or authorization to file a second motion under Section 2255 from the United States Court of Appeals for the Seventh Circuit. Magistrate Judge VanDervort also found no other reason for considering Section 2255 inadequate or ineffective.

## II. ARGUMENT

Petitioner points to multiple errors on the part of Magistrate Judge VanDervort. The Court will address them in turn.

First, Petitioner objects to Magistrate Judge VanDervort's characterization of his Application as a motion brought under 28 U.S.C. § 2255. Further, Petitioner argues that the United States' substantive response to his proposed amendment and motion for summary judgment in his Section 2255 motion constituted a waiver under Federal Rule of Civil Procedure 15(a). Because the United States responded, Petitioner further claims, Magistrate Judge VanDervort ignored the fact that those issues were, therefore, ripe for review on the merits.

Moreover, Petitioner argues that Magistrate Judge VanDervort ignored whether the interests of justice, as elaborated upon by *Foman v. Davis*, 371 U.S. 178 (1982), allowed for further amendment of his Section 2255 motion. He argues that "he was deprived a full and fair opportunity to litigate his colorable claim in the Section 2255 proceeding and forum offered by it pursuant to" Federal Rule of Civil Procedure 15(a) (Docket 14 at 9). He concludes that he, therefore, falls within what he describes as the "savings clause" of Section 2255.[1]

### *III. DISCUSSION*

The arguments made by Petitioner are without merit. Magistrate Judge VanDervort correctly characterized Petitioner's Application as a motion brought under 28 U.S.C. § 2255. Section 2255 is the only remedy available to Petitioner for his claim of ineffective assistance of counsel and his claim that his sentence was improperly enhanced in contravention of the Fifth and Sixth Amendments. *In Re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

---

[1] The provision that Petitioner points to, 28 U.S.C. § 2255(e), provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Petitioner also misreads *Foman v. Davis*. 371 U.S. 178 (1962). The "interests of justice" provided for in Rule 15(a) do not give a party an unconstrained right to amend his or her pleadings. Rule 15(a) provides that parties may amend their pleadings only once as a matter of course. Further, courts have the right to preclude amendment when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman*, 371 U.S. at 182. In Petitioner's 2255 action, the sentencing court gave him multiple opportunities to amend, beyond the single instance provided for by Rule 15(a) for Petitioner to amend his pleadings, and then informed him that further amendments would not be allowed. *See United States v. Taylor*, case no. 97-cv-4138, Docket 15 at p. 4 (S.D. Ill.). Additionally, as Petitioner's ineffective assistance of counsel claim was eventually denied, the amendment proposed by Petitioner would have been futile. Moreover, the sentencing court would have been correct to deny leave to amend due to Petitioner's repeated failure to cure deficiencies by the amendments he was previously allowed. To the extent that he argues that the savings clause is applicable to his sentence, Petitioner reads the savings clause incorrectly; "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008).

Finally, the Court finds that Petitioner's argument that the United States' substantive response to his proposed amendment and motion for summary judgment in his Section 2255 motion constituted a waiver under Federal Rule of Civil Procedure 15(a) may have some merit. As Rule 15(a)(2) provides that a party may amend its pleading with either leave of Court or the opposing party's written consent, the United States' response could *perhaps* be construed as written consent.

However, this Court need not resolve this issue; even assuming *arguendo* that the said response did constitute written consent, the failure of the Petitioner's sentencing court to recognize such consent would have been harmless error. As noted earlier, Petitioner's ineffective assistance of counsel claim was denied, and the proposed amendments to Petitioner's complaint were, therefore, futile.

### *IV. CONCLUSION*

Accordingly, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in the *Proposed Findings and Recommendation* [Docket 11]. The Court **ORDERS** that the Petitioner's *Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody* [Docket 1] be **DISMISSED** and that this matter be **REMOVED** from the Court's docket. The Court further **ORDERS** that Petitioner's Motion to Revisit Request for the Appointment of Counsel [Docket 17] be **DENIED** as **MOOT**.

The Court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge VanDervort, counsel of record, and any unrepresented party.

ENTER: June 24, 2010

_____
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA